NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE RICHARD AND SHEILA J. McKNIGHT 2000 FAMILY TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>WILLIAM J. BARKETT, an individual; et al.,<br><br>        Defendants - Appellants.<br><br>  v.<br><br>DEBT ACQUISITION COMPANY OF AMERICA V, LLC; et al.<br><br>        Third-party-defendants-counter-claimants – Appellees. | No. 15-16918<br><br>D.C. No. 2:10-cv-01617-RCJ-GWF<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before:  WALLACE and M. SMITH, Circuit Judges, and ERICKSON, [***] District Judge.

This appeal arises from a complex bankruptcy matter involving three loans, secured by trust deeds, made to Appellants Castaic Partners LLC, Castaic Partners II LLC, and Castaic Partners III LLC, and personally guaranteed by Appellant William Barkett.  Over 200 investors (the "Direct Lenders") hold fractionalized beneficial interests in those loans.  Appellees Debt Acquisition Company of America V, LLC ("DACA") and DACA-Castaic, LLC ("DACA-Castaic") entered into an agreement (the "Purchase Agreement") to acquire 100 percent of the beneficial interest in the Castaic Loans, and subsequently foreclosed on the trust deeds.

Two of the Direct Lenders initiated litigation against Appellants, claiming breach of guaranty and seeking declaratory relief.  During the course of litigation Appellees moved for, and the district court granted, summary judgment on Appellees' request for declaratory judgment that (1) the foreclosures were valid, (2) Appellants had no right to rescind or set aside the foreclosures, and

---

[†*]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[†**]     The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

(3) Appellants had no interest in the properties by virtue of their succession to any Direct Lender's interest. The district court additionally granted Appellees' request for entry of final judgment on all claims by and against Appellees.

Appellants now challenge the district court's summary judgment and entry of final judgment on the basis that (1) the foreclosures were invalid because Appellees lacked authority to foreclose and failed to comply with California law governing foreclosure, and (2) material issues of disputed fact remain regarding the rights held by the Direct Lenders who did not approve the Purchase Agreement authorizing DACA-Castaic to foreclose, as well as the rights held by Appellants. We affirm the district court's summary judgment and entry of final judgment.[1]

1. Appellants contend that the foreclosures were invalid because Appellees failed to obtain a Majority Action Affidavit in compliance with California Civil Code § 2941.9(d). However, under the terms of the governing trust deeds, Nevada law applied to determine the circumstances under which a minority interest could be bound by a majority of beneficial interest holders. Nevada Revised Statutes ch. 645B.340 provides that when multiple parties hold beneficial interests in a loan, "the holders of the beneficial interest . . . whose interests represent 51 percent

---

[1] Appellees have filed an unopposed motion for judicial notice requesting that we take notice of several documents publicly filed in various federal bankruptcy or district court actions. We grant Appellees' motion. *See* Fed. R. Evid. 201.

or more of the outstanding principal balance of the loan . . . may act on behalf of all the holders of the beneficial interests or ownership interests of record." Thus, under Nevada law, authorization of Appellees' action required only a vote of approval from 51 percent or more of the interest holders. California's Majority Action Affidavit requirement did not apply.

2. Appellants' next contention, that the district court erred in granting summary judgment on whether Appellees properly acquired a 51 percent vote authorizing them to foreclose, fails both procedurally and on the merits. The district court entered default judgment against Appellants on this point, and Appellants have not challenged that default judgment. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived."). Furthermore, the record contains ample unrebutted evidence that over 51 percent of the Direct Lenders voted to approve the Purchase Agreement, thereby granting DACA-Castaic authority to foreclose. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3. Factual questions might exist regarding the rights and identities of the Direct Lenders who did not vote in favor of the Purchase Agreement. Any such questions did not, however, preclude summary judgment on Appellees' requested declaratory relief action, because Appellees did not seek any declaration regarding those rights or identities. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

4

("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Rather, those rights and identities present a legal and factual question, respectively, that must be adjudicated as the result of the district court's judgment.

4.     Appellants' final argument asserts that summary judgment was improper because a genuine issue of fact exists regarding the rights held by Barkett or Barkett-related entities. Appellants presented no evidence to the district court to rebut Appellees' evidence and create a genuine issue on this point. The district court therefore did not err by entering summary judgment. *Celotex Corp.*, 477 U.S. at 322.

AFFIRMED.