**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AMCO INSURANCE COMPANY, | No. 17-55383 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:12-CV-02323-DSF-PLA |
| v. | MEMORANDUM* |
| JENNIFER MORFE, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 9, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,** District Judge.

Appellant Jennifer Morfe ("Morfe") filed a tort action against her former

employer Right Yogurt Inc. ("Right Yogurt") and then-shareholder of Right

Yogurt, Robert Lee ("Lee") (collectively, "the Insureds"), for injuries Lee inflicted

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

on Morfe. After tendering their defense to AMCO Insurance Company ("AMCO"), but before AMCO rendered a coverage decision, the Insureds entered into a settlement agreement without AMCO's knowledge or consent. Following the settlement, AMCO filed an action for declaratory relief in federal court seeking, *inter alia*, a declaration that it did not have a duty to defend or indemnify the Insureds. Thereafter, AMCO moved for partial summary judgment on its requests for judicial declarations. The district court granted AMCO's motion for partial summary judgment on three grounds: (1) there was no coverage under the policy because the Insureds breached the policy's "no-voluntary payments" provision (the "NVP provision") by entering into the settlement without AMCO's knowledge or consent; (2) several exclusions precluded coverage for "bodily injuries" (Coverage A); and (3) several exclusions barred coverage for "personal and advertising injuries" (Coverage B). Upon entry of the final judgment, Morfe appealed. On appeal, Morfe challenges each ground the district court relied on to grant AMCO's motion for partial summary judgment.

This Court reviews de novo a district court's grant of summary judgment. *See Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 759 (9th Cir. 2015). This Court also reviews de novo the district court's interpretation of state contract law, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949 (9th Cir. 2006), and its interpretation of an insurance policy, *Stanford Ranch, Inc. v. Md. Cas. Co.*,

17-55383

89 F.3d 618, 624 (9th Cir. 1996). "Because this action was brought in federal district court under diversity jurisdiction, the substantive law of California, the forum state, applies." *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979).

The NVP provision, contained in Section IV.2 of the Policy, provides: "[n]o insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without [AMCO's] consent." In California, this type of consent requirement applies to any payments made and obligations assumed by an insured at any time before coverage is denied, if such payments or obligations are made without the insurer's knowledge and consent. *See Low v. Golden Eagle Ins. Co.*, 110 Cal. App. 4th 1532, 1546, 2 Cal. Rptr. 3d 761, 772 (2003) (noting that such provisions are enforceable in "the rare case where the insured tenders the defense and *then* negotiates a settlement on its own, leaving the insurer in the dark").

Morfe does not dispute that the Insureds entered into the settlement without AMCO's knowledge or consent after tendering their defense to AMCO but before receiving a coverage determination. *See Jamestown Builders, Inc. v. Gen. Star Indem. Co.*, 77 Cal. App. 4th 341, 346, 91 Cal. Rptr. 2d 514 (1999) (noting that NVP provisions are enforceable when an insured assumed an obligation without the insurer's consent "before the establishment of the claim against them and the

insurer's refusal to defend in a lawsuit to establish liability"). Morfe argues, however, that the settlement agreement is excepted from the general rule of enforceability because: (1) AMCO abandoned the Insureds by failing to respond to their tender of the Morfe Action; (2) the Insureds executed the settlement under duress and fear of financial ruin; and (3) AMCO breached its duty to provide an immediate defense by not rendering a coverage determination in the 12-week period between October 3, 2011 (the date the Insureds tendered their defense) and December 31, 2011 (the date the Insureds executed the settlement).

The abandonment exception generally applies in cases where the insurer expressly denied coverage and refused to provide the insured with a defense. *See, e.g., Pruyn v. Agric. Ins. Co.*, 36 Cal. App. 4th 500, 515, 42 Cal. Rptr. 2d 295, 303 (1995). In this case, it is undisputed that at the time of the settlement AMCO had not denied coverage to Lee or Right Yogurt; the investigation was still ongoing. Because Lee and Right Yogurt executed the settlement before AMCO issued a coverage decision, the abandonment exception is not applicable in this case. *See Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.*, 476 P.2d 406, 449 (Cal. 1970) ("[I]t is only when the insured has requested and been denied a defense by the insurer that the insured may ignore the policy's provisions forbidding the incurring of defense costs without the insurer's prior consent . . . .").

Next, Morfe claims that the settlement is also unenforceable because the Insureds executed the settlement under duress and fear of financial ruin. There is no evidence in the record to support this claim, and Morfe's unsubstantiated assertions are insufficient to create a genuine dispute of material fact. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc) ("Rule 56 requires the parties to set out facts they will be able to prove at trial.").

As to the final exception, Morfe contends the NVP provision is unenforceable because AMCO breached its obligation to provide an immediate defense. On this issue, Morfe advances the same arguments she made in the previous argument, and as before, fails to present any material facts to support her claim that the settlement was involuntary based on the length of AMCO's investigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (noting that the Rule 56 summary judgment "standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact"). Moreover, the facts do not support Morfe's argument. Because Morfe presented no evidence to rebut the facts in the record and create a genuine issue of material fact indicating that the settlement was procured though the insurer's breach, the district court did not err by granting partial summary judgment to AMCO on the ground that Lee and Right

5                                                                    17-55383

Yogurt breached the NVP Provision. *See Richard & Sheila J. McKnight 2000 Family Tr. v. Barkett*, 675 F. App'x 715, 717 (9th Cir. 2017) (finding summary judgment proper when no rebuttal evidence is presented to create a genuine issue of fact on the contested point).

In sum, no valid exception to the NVP provision applies. The Insureds executed the settlement without AMCO's knowledge or consent and therefore breached the NVP provision. Because Morfe failed to create a genuine issue of material fact as to the voluntariness of the Insureds' breach, the district court did not err in granting partial summary judgment to AMCO. Since the district court's grant of partial summary judgment based on the Insureds' breach of the NVP provision is dispositive, the panel need not reach the remaining issues on appeal.

For the reasons stated, we **AFFIRM** the district court's grant of partial summary judgment to AMCO.

**AFFIRMED.**

17-55383